IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:15-CR-73-9

TALISA SHIVERS

**ORDER DENYING SEVERANCE**

Before the Court is Defendant Talisa Shivers' motion to sever. Doc. #202. Because Shivers has proffered no argument or evidence to justify her severance from this action, her motion to sever will be denied.

**I**
**Relevant Procedural History**

On February 24, 2016, Talisa Shivers and seven other individuals, including Steven Haynes, were charged in a second superseding indictment with numerous crimes related to a heroin distribution network in the Northern District of Mississippi. Doc. #141. The second superseding indictment charged Shivers with: (1) conspiracy with all named defendants to distribute, and possess with intent to distribute, heroin between January 2014 and June 2015 (Count One); and (2) conspiracy to commit money laundering involving "the proceeds [from] distribution of a controlled substance" with such conduct occurring between January 2014 and June 2015 (Count Two).

On April 13, 2016, Shivers filed "Defendant Shivers' Motion to Sever Defendants," pursuant to Federal Rules of Criminal Procedure 8 and 14, asking the Court to "grant her a separate trial." Doc. #202. The Government filed a response opposing Shivers' severance on April 25, 2016. Doc. #235. Shivers did not file a reply.

On May 23, 2016, approximately six weeks after Shivers moved for severance, the Government filed a third superseding indictment. Doc. #236. Of relevance here, the third superseding indictment, which added a named defendant (Derrick Jones) but dropped five of those named in the second superseding indictment, charged Shivers with: (1) conspiracy with all three of her codefendants[1] to distribute, and possess with intent to distribute, heroin and cocaine between January 2014 and June 2015 (Count One); and (2) conspiracy with two of her codefendants to commit money laundering involving "the proceeds of specified unlawful activity, .... that is, possession with intent to distribute and distribution of heroin," with such conduct occurring between January 2014 and June 2015 (Count Three). In that regard, the third superseding indictment alleges that Shivers "did … intentionally distribute heroin for STEVEN HAYNES and also laundered drug proceeds."

On August 31, 2016, the Government filed a fourth superseding indictment against Shivers and her three codefendants, in addition to two new named defendants. Doc. #310. Shivers was charged in two separate counts with: (1) conspiracy with the same three codefendants to distribute, and possess with intent to distribute, heroin between January 2014 and June 2015 (Count One); and (2) conspiracy with the same three codefendants to commit money laundering involving "the proceeds of specified unlawful activity, …. that is, possession with the intent to distribute and distribution of heroin," with such conduct occurring between January 2014 and June 2015 (Count Four). The fourth superseding indictment, like the third superseding indictment, charges that Shivers "did … intentionally distribute heroin for STEVEN HAYNES and also laundered drug proceeds."

---

[1] The three codefendants of Shivers were Steven Haynes, Craig Haynes and Derrick Jones. Steven and Craig (who were charged in the second superseding indictment along with Shivers) were the two codefendants along with Shivers also charged in the third superseding indictment with conspiracy to commit money laundering.

On September 30, 2016, the Court directed the parties to submit supplemental briefing addressing the impact, if any, of the third and fourth superseding indictments on the motion to sever. Doc. #370. The Government filed its supplemental brief on October 12, 2016. Doc. #390. Shivers filed her supplemental brief on November 7, 2016.[2] Doc. #433.

## II
## Status of Motion

A motion to sever is normally mooted by the filing of a superseding indictment unless the superseding indictment implicates "the concerns … raised in [the] motion[] to sever." *United States v. Damiani*, No. 1:10-cr-519, 2011 WL 7574628, at *19–20 (N.D. Ga. Sept. 23, 2011); *see United States v. Gendron*, No. 4:08-cr-244, 2009 WL 5909129, at *1 (E.D. Mo. Oct. 28, 2009) ("It appears that the defendant's first Motion For Severance directed to the First Superceding Indictment is now moot as a result of the filing of the Second Superceding Indictment.") (internal citation omitted).

In their supplemental filings, both the Government and Shivers contend that the motion to sever has not been mooted by the filing of the superseding indictments. The Court has reviewed the fourth superseding indictment and agrees with the parties that the document implicates the same grounds for severance asserted in Shivers' motion. Accordingly, the Court will turn to the motion itself.

## III
## Analysis

Generally, a motion to sever requires a court to undertake two distinct inquiries: (1) whether initial joinder was proper under Rule 8(b) of the Federal Rules of Criminal Procedure;

---

[2] Because Shivers did not file a supplemental brief by the deadline in the Court's September 30 order, the Court issued an order to show cause. Doc. #427. Shivers responded to the show cause order on November 1, 2017. Doc. #431. The Court declined to impose sanctions but cautioned Shivers' counsel that any future failure to comply with court order would result in sanctions, and directed the supplemental brief be filed on or before November 7, 2016. Doc. #432.

3

and (2) if initial joinder was proper, whether severance should be granted under Criminal Rule 14(a). *See United States v. McRae*, 702 F.3d 806, 820–22 (5th Cir. 2012). Shivers concedes that initial joinder was proper under Rule 8. Doc. #433 at 2. Accordingly, the only question before the Court is whether severance should be granted under Rule 14(a).

Rule 14(a) provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Notwithstanding this rule, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Accordingly, "[i]t is the rule, … not the exception, that persons indicted together should be tried together, especially in conspiracy cases." *McRae*, 702 F.3d at 821 (internal quotation marks omitted). Indeed, in conspiracy cases, "while the district court must guard against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998).

Even where potential prejudice is shown, "Rule 14 does not require severance …." *Zafiro*, 506 U.S. at 538–39. "[R]ather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 539. In light of the general preference for a single trial, "[t]o warrant severance under Rule 14, the burden is upon the defendant to show clear prejudice." *United States v. Welch*, 656 F.2d 1039, 1053 (5th Cir. 1981). This prejudice must outweigh the government's interest in judicial economy, *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994); and must be incurable through jury instructions or other means, *Welch*, 656 F.2d at 1054.

4

Shivers argues her motion to sever should be granted due to her concerns that (1) "all co-defendants except Defendant Shivers were originally charged on or about June 26, 2015" in an initial indictment; (2) a codefendant has agreed to provide exculpatory testimony on her behalf, but may not testify in the absence of a severance; (3) her defense would "vary" from her codefendants; (4) a joint trial would result in "spillover" and accumulation of evidence; and (5) "a joint trial places her in imminent risk of conviction based solely on the guilt of the remaining co-defendants ...."

### A.  Absence from Initial Indictment

Shivers has identified no prejudice arising from the fact that she was not charged in the original indictment.  Accordingly, the Court will not sever Shivers on this ground.

### B.  Exculpatory Testimony

In her motion to sever, Shivers argues that a "co-defendant," identified as Steven Haynes in the supplemental brief, has agreed to provide exculpatory testimony for Shivers, but only if the cases are severed.  Shivers contends that, "[w]ithout the ... exculpatory testimony, the jury will be forced to speculate her into prison based on the actions of co-defendants."

To justify a severance based on a codefendant's willingness to provide exculpatory evidence, a movant must establish:  "(1) a bona fide need for the testimony; (2) the substance of [the] testimony; (3) the exculpatory effect of [the] testimony; and (4) an indication that [the codefendant] would testify if the trial was severed." *United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012).  Under this test, "without an affidavit from the co-defendant himself or other similar proof, 'conclusory allegations' that a co-defendant would testify and what he or she would testify about [are] not sufficient." *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir.

2007) (internal alterations omitted). "Representations by the [movant's] attorney are not sufficient." *Id*.

Here, in support of her motion, Shivers has offered nothing beyond her attorney's conclusory allegations.[3] Accordingly, the possibility of Steven Haynes' exculpatory testimony cannot justify severance.

### C. Antagonistic Defenses

Next, Shivers argues that she "anticipates antagonizing defenses by the remaining defendants that would not only prejudice her defense but inexplicably intertwine the defenses as to result in a conviction ...." Doc. #202 at 3.

"When co-defendants raise conflicting defenses … severance is required when the defenses are antagonistic to the point of being irreconcilable and mutually exclusive." *United States v. Lee*, 744 F.2d 1124, 1126 (5th Cir. 1984) (internal quotation marks omitted). The primary purposes of this rule are to prevent: (1) "a defendant [from] having to face what amounts to two prosecutors – the state and his co-defendant;" and (2) "a situation in which each defendant is the government's best witness against the other." *Id*. To meet this exacting standard, "the essence or core of the defenses must be in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Id*. (internal alterations omitted). Thus, "[d]efendants may disagree on the facts not comprising the core of their defenses without generating the kind of prejudice that mandates severance." *Id*. When seeking severance based on antagonistic defenses, conclusory allegations of conflicting defenses are insufficient to justify severance. *See United States v. Grace*, No. 4:09-cr-19, 2010 WL 419381, at *2 (S.D. Miss. Jan. 29, 2010) ("Defendant Grace has neither asserted nor established

---

[3] On April 14, 2016, a paralegal for Shivers' counsel e-mailed a document to the Court purportedly from Steven Haynes. Shortly after, counsel for Shivers informed the Court that the letter was sent in error. To the extent the letter is not before the Court, it was not considered in resolving this motion.

6

that his defenses are actually antagonistic to those of the other defendants, and the conclusory statement that the defendants' positions will not be identical is not sufficient."); *see also United States v. Daniels*, 281 F.3d 168, 178 (5th Cir. 2002) (affirming denial of severance where defendant "offered the court only vague and conclusory assertions that the defense theories were in conflict").

In support of her motion, Shivers offers nothing more than a conclusory allegation "that her defense would vary from the other co-defendants ...."[4] This bare statement cannot justify severance under the antagonistic defense doctrine.

### D. "Spillover" and Accumulation of Evidence

In her motion, Shivers states that she "fear[s] there will be substantial spillover from the evidence offered at trial that will substantially affect her due process rights and her right to a fair trial." Shivers further states that "a joint trial in the matter risks an unlawful accumulation of evidence and the jury's inability to separate the evidence offered for one defendant over the other."

> The United States Supreme Court has held that severance may be justified when:
>
> evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial …. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in *Richardson v. Marsh*, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.

---

[4] Shivers also contends that her varying defense "will require the testimony of certain codefendants." To the extent Shivers seeks a severance based on the potential need to call other codefendants to testify, such argument fails for the same reason above.

*Zafiro*, 506 U.S. at 539 (internal citations omitted).

When considering severance based on evidentiary concerns, "the mere presence of a spillover effect does not ordinarily warrant severance." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993). Rather, "[t]he risk of prejudice will vary with the facts in each case …." *Zafiro*, 506 U.S. at 539. In seeking to show prejudice based on the potential presentation or exclusion of evidence, conclusory allegations of prejudice are insufficient to justify severance. *See United States v. Parker*, No. 5:09-cr-18, 2010 WL 1413086, at *2 (S.D. Miss. Apr. 1, 2010) (denying severance where defendant did "not offer any supporting law for his position nor ... state what evidence may be prejudicial or inadmissible against him"). As a general rule, even where prejudice has been shown, "severance is not the proper means of confining 'spillover' evidence. The pernicious effect of [ac]cumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government." *United States v. Allen*, No. 3:10-cr-333, 2011 WL 2326972, at *2 (N.D. Tex. June 14, 2011) (citing *United States v. Piaget*, 915 F.3d 138, 142 (5th Cir. 1990)).

Shivers has failed to identify any evidence which she feels would prejudice her at trial. Even if she could show prejudice, the Court concludes that any prejudice may be cured by an appropriate limiting instruction, not severance.

### E. "Guilt" of Remaining Codefendants

Finally, Shivers argues:

> a joint trial places her in imminent risk of conviction based solely on the guilt of the remaining co-defendants, who have separate and different interests at trial and who have prior criminal convictions. Defendant Shivers has no prior criminal history and allegedly limited participation in the conspiracy, per the indictment.

This argument too is unavailing.

8

As an initial matter, Shivers' reference to "different interests" appears to be a rehash of her antagonistic defense argument, which this Court has already rejected above. And, "[t]hat the criminal record of a co-defendant might be prejudicial to a defendant generally does not alone require severance." *United States v. De La Torre*, 639 F.2d 245, 249 (5th Cir. 1981). Lastly, a defendant's alleged limited participation in a conspiracy does not justify severance. *See Pofahl*, 990 F.2d at 1483 (affirming denial of severance where defendant claimed "he was entitled to severance because his involvement in the drug trafficking as a 'mere mule' was extremely limited"). Thus, none of Shivers' arguments warrant her severance.

## IV
## Conclusion

For the reasons above, Shivers' motion to sever [202] is **DENIED**.

**SO ORDERED**, this 30th day of November, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**